JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
GABRIELA BISCHOF, Bar No. 272973
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:   (510) 637-3507
Email:       Gabriela_Bischof@fd.org

Counsel for Defendant Brizuela-Navas

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 25–132 HSG |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| LUIS BRIZUELA-NAVAS, | **Court:**          Courtroom 2, 4th  Floor |
| Defendant. | |

DEF. OPP'N TO U.S. MOT. TO DISMISS WITHOUT PREJUDICE
*BRIZUELA-NAVAS*, CR 25–132 HSG

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

I.      INTRODUCTION ............................................................................................... 1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .............................. 1

III.    RELEVANT LEGAL STANDARD........................................................................ 1

IV.     ARGUMENT ..................................................................................................... 2

      A.      The detention and removal of Mr. Brizuela-Navas following his pretrial release violates the Magistrate Judge's order and Mr. Brizuela-Navas's right to pretrial release under the Bail Reform Act. ....................................................................... 3

      B.      The detention and removal of Mr. Brizuela-Navas imminently endangers his speedy trial rights under the Sixth Amendment and the Speedy Trial Act........... 4

      C.      The detention and removal of Mr. Brizuela-Navas violates his constitutional rights to counsel and to present a defense........................................................... 6

      D.      The detention and removal of Mr. Brizuela-Navas violates his Fifth Amendment right to due process. ....................................................................................... 7

V.      CONCLUSION................................................................................................... 8

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                                    **Page(s)**

*Barker v. Wingo*,
   407 U.S. 514 (1972) ...................................................................................................... 4

*California v. Trombetta*,
   467 U.S. 479 (1984) ...................................................................................................... 6

*Doggett v. United States*,
   505 U.S. 647 (1992) ...................................................................................................... 4

*Gideon v. Wainwright*,
   372 U.S. 335 (1963) ...................................................................................................... 7

*Lisenba v. California*,
   314 U.S. 219 (1941) ...................................................................................................... 6

*United States v. Barrera-Moreno*,
   951 F.2d 1089 (9th Cir. 1991) ...................................................................................... 2

*United States v. Bautista*,
   145 F.3d 1140 (10th Cir. 1998) .................................................................................... 7

*United States v. Calderon-Lopez*,
   No. CR-19-03027-001-TUC-RM (DTF), 2020 WL 2616034 (D. Ariz. May 22, 2020) .............. 2, 3

*United States v. Castillo*,
   537 F. Supp. 3d 120 (D. Mass. 2021) ......................................................................... 3, 6

*United States v. Escobedo-Molina*,
   No. 2:25-cr-01430-MIS, 2025 WL 1918035 (D.N.M. July 11, 2025) ................................... *passim*

*United States v. Ferreira-Chavez*,
   No. 1:20-cr-00145-BLW, 2021 WL 602822 (D. Idaho Feb. 12, 2021) ...................................... 5, 6

*United States v. Galvan-Orea*,
   766 F. Supp. 3d 740 (E.D. Mich. 2024) ........................................................................ 7

*United States v. Gatto*,
   763 F.2d 1040 (9th Cir. 1985) ...................................................................................... 1

*United States v. Lutz*,
   No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827 (D. Ariz. Nov. 8, 2019) .................. 6

*United States v. Madzarac*,
   678 F. Supp. 3d 42 (D.D.C. 2023) ................................................................................ 1

*United States v. Monteverde*,
   No. CR 20-00166-TUC-JCH (JR), 2021 WL 5534880 (D. Ariz. Oct. 7, 2021) ..................... *passim*

*United States v. Monteverde*,
   No. CR-20-00166-001-TUC-JCH (JR), 2021 WL 5027880 (D. Ariz. Oct. 28, 2021) ..................... 2

*United States v. Raineri*,
   42 F.3d 36 (1st Cir. 1994) ............................................................................................ 1

*United States v. Rossoff*,
   806 F. Supp. 200 (C.D. Ill. 1992) ............................................................................................... 1

*United States v. Santos-Flores*,
   794 F.3d 1088 (9th Cir. 2015) .................................................................................................... 2

*United States v. Simpson*,
   927 F.2d 1088 (9th Cir. 1991) .................................................................................................... 2

*United States v. Trujillo-Alvarez*,
   900 F. Supp. 2d 1167 (D. Or. 2012) ....................................................................................... 3, 4

*United States v. Valenzuela-Bernal*,
   458 U.S. 858 (1982) ................................................................................................................... 6

*United States v. Wandis Cleia Guimaraes*,
   No. 1:25-cr-10129-JEK, 2025 WL 1899046 (D. Mass. July 9, 2025) .................................. 1, 2, 6

**Federal Statutes**

18 U.S.C. § 3142(d) .................................................................................................................... 2, 3

18 U.S.C. § 3161(c)(1), (h) ............................................................................................................ 4

**Other**

8 C.F.R. § 215.2 ......................................................................................................................... 3, 4

8 C.F.R. § 215.3(g) .................................................................................................................... 3, 4

8 C.F.R. § 241.6 ............................................................................................................................. 3

Fed. R. Crim. P. 48 ..................................................................................................................... 1, 4

U.S. Const. amend. VI ................................................................................................................ 4, 5

## I.    INTRODUCTION

After removing Luis Brizuela-Navas despite a magistrate judge's order granting his pretrial release, the government moved to dismiss the indictment against him *without* prejudice. Dkt. 42. Under the circumstances in this case, however, dismissal of the indictment *with* prejudice is warranted.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2025, The Honorable Magistrate Judge Kandis A. Westmore ordered Mr. Brizuela-Navas released on bond subject to certain conditions. Dkt. 18. Nevertheless, Mr. Brizuela-Navas was *not* released and was instead detained at West County Detention Facility. *See* Dkt. 25 at 2. After counsel challenged his detention and this Court upheld Judge Westmore's order, the government removed Mr. Brizuela-Navas. *See* Dkt. 38. The government now moves to dismiss the indictment against Mr. Brizuela-Navas without prejudice. Dkt. 42.

Mr. Brizuela-Navas, through counsel, objects and argues that dismissal of the indictment should be *with* prejudice.

## III.    RELEVANT LEGAL STANDARD

Federal Rule of Criminal Procedure 48 grants federal courts the discretion to dismiss a complaint where there is "unnecessary delay in…bringing a defendant to trial."  Fed. R. Crim. P. 48. Rule 48 "allows a district court to dismiss a case with or without prejudice even when no constitutional rights are at stake." *United States v. Gatto*, 763 F.2d 1040, 1050 (9th Cir. 1985). For example, courts may dismiss with prejudice where retrial would be "fundamentally unfair" or would "constitute harassment." *United States v. Rossoff*, 806 F.Supp. 200, 202–03 (C.D.Ill.1992), *cited approvingly in United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994). In deciding whether to dismiss with or without prejudice, courts may consider "(1) the purpose of the government's dismissal, (2) the presence or absence of good faith, and (3) the objective effect that dismissal without prejudice would have on the defendant." *United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. 2023). No one factor is dispositive, and the court should look at the totality of the circumstances in each individual case. *See United States v. Guimaraes*, No. 1:25-CR-10129-JEK, 2025 WL 1899046, at *3 (D. Mass. July 9, 2025).

DEF. OPP'N TO U.S. MOT. TO DISMISS WITHOUT PREJUDICE
*BRIZUELA-NAVAS*, CR 25–132 HSG

Federal courts may dismiss a case under their supervisory authority to "oversee their own affairs to ensure that justice is done." *United States v. Simpson*, 927 F.2d 1088, 1089 (9th Cir. 1991), *abrogated on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). A court may exercise its supervisory authority to dismiss a case for three reasons: "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). District courts have used their supervisory authority to dismiss cases with prejudice where defendants were detained or deported after a court ordered their pretrial release. *See, e.g. United States v. Escobedo-Molina*, No. 2:25-CR-01430-MIS, 2025 WL 1918035, at *3 (D.N.M. July 11, 2025) (dismissing case with prejudice under supervisory powers to deter the Government from continuing to imperil the constitutional and statutory rights of hundreds of similarly situated defendants).[1]

## IV.    ARGUMENT

If the Government takes a defendant into immigration custody pretrial or deports him pending trial, "jeopardiz[ing] the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). Where a defendant's constitutional and statutory rights have been and will continue to be violated due to the government's detention and deportation of the defendant, dismissal with prejudice is appropriate. *see United States v. Monteverde*, No. CR2000166TUCJCHJR, 2021 WL 5534880, at *5 (D. Ariz. Oct. 7, 2021), *report and recommendation adopted*, No. CR2000166001TUCJCHJR, 2021 WL 5027880 (D. Ariz. Oct. 29, 2021); *United States v. Calderon-Lopez*, No. CR1903027001TUCRMDTF, 2020 WL 2616034, at *4 (D. Ariz. May 22, 2020); *Guimaraes*, 2025 WL 1899046 at *3 ("Failure to comply with court orders, or failure to respect a defendant's rights, may justify dismissal of an indictment with prejudice."); *Escobedo-Molina*, 2025 WL 1918035 at *6, 8.

---

[1] In the Northern District of California, Judge Orrick recently ordered a case involving a drug distribution charge dismissed with prejudice after the removal of the defendant. *See United States v. Elbin Cruz-Cruz*, 3:25-cr-00199-WHO-1, Dkt. 39 ("The case will be dismissed with prejudice; written order to follow.") Unfortunately, the written order is not yet on the docket.

DEF. OPP'N TO U.S. MOT. TO DISMISS WITHOUT PREJUDICE
*BRIZUELA-NAVAS*, CR 25–132 HSG

**A.    The detention and removal of Mr. Brizuela-Navas following his pretrial release violates the Magistrate Judge's order and Mr. Brizuela-Navas's right to pretrial release under the Bail Reform Act.**

The Bail Reform Act does not exclude defendants facing removal from the United States from the opportunity for pretrial release. 18 U.S.C. § 3142(d); *Santos-Flores*, 794 F.3d at 1090. Indeed, Section 3142(d) of the BRA specifically addresses scenarios where a person is facing federal criminal charges and may be deportable.  18 U.S.C. § 3142(d). It provides that if a judicial officer determines someone is not a citizen *and* that person is a flight risk or a danger to the community, "the judicial officer shall order the temporary detention of such person in order for the attorney for the government to notify the 'the appropriate official of the Immigration and Naturalization Service.'" *Id*.; *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1171 (D. Or. 2012).

But where a magistrate judge has determined that a deportable defendant *is* eligible for pretrial release under the Bail Reform Act, and orders that defendant released, the government has two options: it may (1) pursue removal proceedings against the defendant and detain them in connection with the same or (2) proceed with a criminal prosecution against the defendant. *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1169-70. Where a defendant is released pretrial according to a Magistrate Judge's determination, but is then immediately taken into immigration detention, "the pending criminal prosecution of the Defendant may not go forward." *Id.* at 1170. Otherwise, the government deprives the defendant of their statutory right to pretrial release and almost certainly violates the judge's specific pretrial release order. *Id.*; *see Monteverde*, No. CR2000166TUCJCHJR, 2021 WL 5534880, at *5 (reasoning that the Government violated the court's pretrial release order by detaining the defendant and removing them to a foreign country pending trial).

The distinction between the United States Attorney's Office (USAO) and the Department of Homeland Security (DHS) within the Executive Branch does not change this analysis. *See Monteverde*, 2021 WL 5534880 at *6; *Calderon-Lopez*, No. CR1903027001TUCRMDTF, 2020 WL 2616034, at *2 (holding that to the extent ICE detained the defendant due to flight risk despite the Magistrate's order to the contrary, ICE violated the BRA). While the USAO cannot unilaterally dictate DHS's actions, "it is not entirely without ability to exert influence." *Escobedo-Molina*, 2025 WL 1918035, at *8. Regulations promulgated under the Immigration and Nationality Act give USAO

discretion to request that DHS stay removal where removal would prejudice the interests of the United States in a criminal prosecution. 8 C.F.R. § 241.6; 8 C.F.R. § 215.2; 8 C.F.R. § 215.3(g); *see Escobedo-Molina*, 2025 WL 1918035, at *8; *United States v. Castillo*, 537 F. Supp. 3d 120, 129 (D. Mass. 2021).  Moreover, these regulations demonstrate that the Executive Branch "by regulation has made the determination that a criminal proceeding takes priority over removal and deportation." Trujillo-Alvarez, 900 F. Supp. 2d at 1179 (citing 8 C.F.R. §§ 215.2(a), 215.3(g)).

Here, Judge Westmore determined that Mr. Brizuela-Navas should be released pretrial. ECF No. 18.  Despite that determination, Mr. Brizuela-Navas was taken into custody and eventually removed to El Salvador. Not only did Mr. Brizuela-Navas's immediate detention violate his right to pretrial release following a magistrate judge's determination under the Bail Reform Act, but his removal to a foreign country violated the conditions of pretrial release set in the magistrate judge's order. *Id.*; *see Monteverde*, 2021 WL 5534880 at *5.

**B.      The detention and removal of Mr. Brizuela-Navas imminently endangers his speedy trial rights under the Sixth Amendment and the Speedy Trial Act.**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy…trial." U.S. Const. amend. VI. The right attaches whenever a defendant is arrested and held to answer for a crime, or is formally charged by information or indictment, whichever comes first. *Doggett v. United States*, 505 U.S. 647, 653 (1992). Because a new, delayed trial would insufficiently remedy the failure to hold the trial in a timely fashion, a speedy trial violation must typically be remedied by dismissal of the indictment with prejudice. *See Barker v. Wingo*, 407 U.S. 514 (1972). *Cf.* Fed. R. Crim. P. 48(b) (courts may dismiss a case based on "unnecessary delay" in "bringing a defendant to trial"). The Supreme Court in *Barker v. Wingo* set forth a balancing test to determine speedy trial violations.  *Barker*, 407 U.S. at 530. Courts must consider "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*.

In addition to the Sixth Amendment speedy trial right, the Speedy Trial Act, enacted to give effect to the constitutional right, dictates that a defendant must be tried by the within 70 days of an information or indictment, subject to several exceptions which allow the parties to exclude time. 18

U.S.C. § 3161(c)(1), (h). Where a defendant has been deported pending trial, their right to a speedy trial under the Sixth Amendment and the Speedy Trial Act are seriously imperiled. *See Escobedo-Molina*, 2025 WL 1918035 at *4-5; *Monteverde*, 2021 WL 5534880 at *4.

Delays that occur because the government has deported a defendant are not excludable under the Speedy Trial Act. *See Monteverde*, 2021 WL 5534880 at *4. Similarly, the *Barker* "reason for delay" factor weighs in favor of the defendant since their absence is attributable to their deportation by the Government. *See Escobedo-Molina*, 2025 WL 1918035 at *5. And the defendant should not be faulted for their failure to assert their speedy trial rights during the delay if they are unable to communicate with counsel due to their deportation. *See id.*

Even if the time allowed under the Speedy Trial Act has not yet expired, a "violation [i]s imminent" due to the defendant's deportation. *See id.* at *4. Similarly, though the delay in such a case may not have reached a point where prejudice to the defendant is presumed under the *Barker* test, it is "not mere speculation" to assume that it would, again due to the defendant's deportation. *See id.* at *4; *United States v. Ferreira-Chavez*, No. 1:20-cr-00145-BLW, 2021 WL 602822, at *2 (D. Idaho Feb. 12, 2021).Prejudice to the defendant in such cases should generally be presumed, since "indefinite delay" due to a defendant's deportation "would practically amount to the denial of a trial whatsoever." *See Escobedo-Molina*, 2025 WL 1918035 at *5.

Here, Mr. Brizuela-Navas's speedy trial rights under the Sixth Amendment and the Speedy Trial Act are in imminent peril. The complaint in his case was filed on April 23, 2025, and Mr. Brizuela-Navas was removed sometime in December 2025. Dkt. 1. Defense counsel is unaware of any efforts by the government to bring Mr. Brizuela-Navas back into this district to stand trial. While Mr. Brizuela-Navas's speedy trial rights may not yet be violated, they almost certainly will be due to the "indefinite delay" caused by his deportation. *See Escobedo-Molina*, 2025 WL 1918035 at *5. Finally, the reason for delay here is the government's deportation of Mr. Brizuela-Navas, and prejudice should be presumed since indefinite delay due to deportation is likely to "amount to the denial of [any] trial whatsoever." *See id.*

**C.    The detention and removal of Mr. Brizuela-Navas violates his constitutional rights to counsel and to present a defense.**

The Sixth Amendment provides that a defendant in a criminal prosecution "shall enjoy the right to ... have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In the event of a defendant's deportation, where the defendant is residing in another country and unreachable by defense counsel, the defendant's constitutional rights to counsel and to present a defense are violated. *See Escobedo-Molina*, 2025 WL 1918035 at *4; *Ferreira-Chavez*, 2021 WL 602822 at *4; *Castillo*, 537 F. Supp. 3d at 128; *Monteverde*, 2021 WL 5534880 at *5; *Guimaraes*, 2025 WL 1899046 at *3. Effective assistance of counsel necessarily requires the ability of a defendant to meaningfully communicate with their counsel. *See Escobedo-Molina*, 2025 WL 1918035 at *4. Obstruction of that communication amounts to a constructive denial of counsel.

Even if not completely impossible, cross-border communication between the defendant and counsel is impracticable and likely insufficient under the Sixth Amendment. *See id.* Whatever reduced means of communication may be available after the defendant's deportation, "it is not the prerogative of the prosecution or ICE to dictate how Defendant is able to consult with his attorney." *United States v. Lutz*, No. CR-19-00692-001-TUC-RM, 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019).

Defendants also have a constitutional right to a "meaningful opportunity to present a complete defense." *California v Trombetta*, 467 US 479, 485 (1984). Without the ability to communicate with a defendant, counsel's ability to investigate the defendant's viable defenses is compromised. The defendant is also unable to participate in the collection of evidence for their defense. Accordingly, courts have found that a defendant's removal from the United States pretrial severely curtails their right to present a defense, as well as their right to counsel. *See Castillo*, 537 F. Supp. 3d at 128; *Guimaraes*, 2025 WL 1899046 at *3; *Escobedo-Molina*, 2025 WL 1918035 at *4.

Here, defense counsel's ability to communicate with Mr. Brizuela-Navas and his ability to participate in preparing a complete defense have been severely curtailed due to his removal. *See id*. His removal by the executive branch constitutes a violation of Mr. Brizuela-Navas's Sixth Amendment right to counsel and due process right to present a defense.

**D.    The detention and removal of Mr. Brizuela-Navas violates his Fifth Amendment right to due process.**

The Fifth Amendment Due Process Clause "guarantees that a criminal defendant will be treated with 'that fundamental fairness essential to the very concept of justice.'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982) (quoting *Lisenba v. California*, 314 U.S. 219, 236 (1941)). The Sixth Amendment rights to counsel and to present a defense are fundamental elements of due process in a criminal case. *United States v. Bautista*, 145 F.3d 1140, 1151 (10th Cir. 1998); *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). Courts have held that deporting a defendant who has been granted pretrial release impedes that defendant's due process rights under the Fifth Amendment where their rights to speedy trial and assistance of counsel have been violated or are imminently endangered. *See, e.g. United States v. Galvan-Orea*, 766 F. Supp. 3d 740, 745-4644 (E.D. Mich. 2024) (holding that the government violated the defendant's Fifth Amendment right to due process where his removal interfered with his ability to communicate with counsel). The same is true here, where the government's actions have violated and endangered Mr. Brizuela-Navas's right to counsel and right to present a defense.

//

//

//

## V.    CONCLUSION

Dismissal with prejudice is within this Court's discretion and is warranted to "implement a remedy for violation of recognized rights" and "to deter illegal conduct" by the government. *Escobedo-Molina*, 2025 WL 1918035 at *6, 8. The government's conduct in detaining and removing Mr. Brizuela-Navas violated the Magistrate's Judge pretrial release order and violated Mr. Brizuela-Navas' rights under the Fifth and Sixth Amendments, the Bail Reform Act, and the Speedy Trial Act, and for this reason dismissal should be with prejudice.

Dated:        February 6, 2026                    Respectfully submitted,

                                                  JODI LINKER
                                                  Federal Public Defender
                                                  Northern District of California

                                                  _____/S_____
                                                  GABRIELA BISCHOF
                                                  Assistant Federal Public Defender

DEF. OPP'N TO U.S. MOT. TO DISMISS WITHOUT PREJUDICE
*BRIZUELA-NAVAS*, CR 25–132 HSG